# F. v. F.

*Robert L. Marks,* for petitioner.
*Respondent,* pro se.

MYERS, *P.J.,* January 24, 1985 — Petitioner, F., and respondent, F., were married August 18, 1973, and divorced on January 21, 1981, both occurring in the state of New Jersey. Two children were born to the marriage, i.e., R., aged nine years and C., aged eight years. These children presently reside with petitioner in Pa. and have done so since December 30, 1981.

The New Jersey divorce order awarded petitioner custody of the children and spelled out visitation for respondent. Respondent was granted visitation with the children on Sunday of each week between the hours of 10:30 a.m. and 8:00 p.m. and one overnight visitation per month. Further, the parties agreed that petitioner retain custody of the children on alternate holidays in which she was not working, with respondent to have visitation on alternate holidays when petitioner was working. The holidays to which the agreement applies are New Year's Day, Easter Day, Memorial Day, the 4th of July, Labor Day, Thanksgiving Day, and Christmas Day. Further, petitioner was to have the children on

Mother's Day and respondent on Father's Day. Finally, the parties agreed that they would alternate visitation on the children's birthdays.

Petitioner has filed a petition to modify visitation. Said petition alleges that, contrary to the time that the agreement specifying custody and visitation was signed, the parties now live several hours of travelling time apart, and that consequently the visitation schedule should be modified to reflect the increased travel time necessary to effectuate visitation. It is respondent's position that jurisdiction still resides in the New Jersey Courts and consequently, Pennsylvania does not have jurisdiction to modify the order.

We hold that Pennsylvania does have jurisdiction to modify the terms of the divorce order and we modify said order to reflect changed circumstances.

## I.

Most jurisdictions, including Pennsylvania, have adopted the Uniform Child Custody Jurisdiction Act (U.C.C.J.A.) which establishes the criteria for determining jurisdiction in child custody disputes. Section 5355 of said act, 42 Pa.C.S. §5355, governs modification of custody decrees of another state. This section provides, inter alia, that:

"(A) if the court of another state has made a custody decree, a court of this Commonwealth shall not modify that decree unless:

2. the court of this Commonwealth has jurisdiction."

A court of this Commonwealth has jurisdiction to make a child custody determination by initial or a modification decree if this Commonwealth is the home state of the child at commencement of the proceedings. 42 Pa.C.S. §5344(a)(1)(i). The relevant definition of "home state" is set forth in the preceding section as "a state in which the child, im-

mediately preceding the time involved, lived with the parent for at least six consecutive months."

In the present case, the children have resided with petitioner in Pennsylvania since December 30, 1981. Since these proceedings were initiated on September 21, 1983, it is clear that the children have lived with a parent in Pennsylvania for at least six consecutive months. Thus, Pennsylvania was the home state of the children at the time of the commencement of the modification proceedings. Consequently, Pennsylvania has jurisdiction to modify the New Jersey Court order.

## II.

As to the terms of the modified visitation schedule, we feel that the following conditions take proper consideration of the increased travel time required of both parties to effectuate visitation:

1. Respondent shall have visitation one weekend per month. Respondent shall call for the children at petitioner's residence any time after 3:00 p.m. Friday afternoon as agreed upon by the parties. Petitioner shall pick up the children at respondent's residence any time after 3:00 p.m. on Sunday afternoon as agreed upon by the parties.

2. If respondent's holiday visitation rights fall on a Friday, Saturday, Sunday or Monday, he shall have visitation that entire weekend including the day of the holiday, with said weekend to constitute his monthly visitation weekend. Arrangements as to pick-up and delivery of the children shall be the same as to Number One above, with due allowance to be made for the day of the holiday.

3. Under no circumstances shall respondent have visitation on Mother's Day weekend. Respondent shall have visitation on Father's Day weekend, and said weekend shall constitute his monthly visitation

578

weekend. Arrangements as to pick-up and delivery of the children shall be the same as in Number One above.

4. The parties shall have physical custody of both children on either child's birthday on an alternating basis. If said birthday falls on a Friday, Saturday, Sunday or Monday, and the father has the right to visitation on that birthday, he shall have visitation with both children for the entire weekend including the birthday, and said weekend shall constitute his monthly visitation weekend. Pick-up and delivery of the children shall be in accordance with Number One above. If the child's birthday falls on a Tuesday, Wednesday or Thursday and respondent has the right to visit the child on that birthday, the details of the visitation are to be determined by mutual agreement of the parties.

## ORDER OF THE COURT

And now, this January 24, 1985, petitioner's petition to modify visitation is granted. The visitation schedule is hereby modified as described herein.